## WILLIAM M. DAVIS *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW.  *Boxing pine trees.  Code* 1892, § 1317.  *Affidavit.*

   An affidavit intended to charge an offense, under code 1892, § 1317, making it a misdemeanor to box for turpentine pine trees growing on lands known to belong to another, without the consent of the owner, is fatally defective if it fail to allege that the defendant knew that the land upon which the trees were growing belonged to another.

2. SAME.  *Evidence.  Title to growing trees.*

   A conviction under said statute will not be sustained in the absence of evidence showing title to the trees, or possession thereof in another than defendant, and title to growing trees can only be established by such evidence as will prove title to real estate.

3. SAME.  *Conviction no broader than charge.  Punishment.*

   A conviction under an affidavit for violating said statute, charging the boxing of pine trees, not specifying the number, will justify a sentence for boxing two trees only, no matter how many may have been proved to have been boxed by the defendant.

FROM the circuit court of Covington county.

HON. JOHN R. ENOCHS, Judge.

Davis, appellant, was defendant in the court below; he was tried, convicted, and sentenced for a violation of code 1892, § 1317, and appealed to the supreme court. The opinion of the court states the case.

*McIntosh Bros.,* for appellant.

The affidavit was defective. It does not charge that Davis knew the land on which the trees were growing belonged to Rodgers.

There is want of necessary evidence to support the conviction. In prosecutions of this kind it is absolutely necessary to conviction that one of two things be shown to exist in the prose-

cutor, viz.: Either title or possession. Even in civil suits for trespass to land this is essential. *McCleary* v. *Anthony*, 54 Miss., 708; 2 Bouvier's Law Dictionary, 268; *Harrell* v. *Miller*, 35 Miss., 700; 1 Greenleaf on Evidence, sec. 82; Starkie's Evidence, 642; *Ib.*, 649; 1 Phillips on Evidence, 568; *Ib.*, 574, note 163; 2 Phillips on Evidence, 510; *Ib.*, 514, note 445; *Dejarnett* v. *Haynes*, 23 Miss., 600; *Ware* v. *Collins*, 35 Miss., 223; *Darrill* v. *Dodds*, 78 Miss., 912. This doctrine should, and does, more forcibly apply in criminal prosecutions than in civil cases. In the case at bar there was an utter failure to establish either title or possession.

The fine of $100 was excessive; appellant was not charged with having boxed so many as five trees.

*W. L. Easterling*, Assistant Attorney-General, for appellee.

TERRAL, J., delivered the opinion of the court.

The appellant was prosecuted upon an affidavit which alleged that he "did box, or cause to be cut, boxes in, affiant's [B. L. Rodgers'] pine trees, growing on affiant's land, without the consent of the owner, against," etc. The statute (§ 1317, code 1892) provides: "If any person shall box for turpentine, or cut or cause to be cut, a box or boxes in a pine tree growing on land known to belong to another, without the consent of the owner, he shall, on conviction, be fined not less than five dollars nor more than twenty dollars for each tree so cut or boxed, or be imprisoned in the county jail not exceeding three months, or both." The appellant was convicted and fined $100, and hence he appeals.

1. The affidavit here is defective because it does not allege that appellant knew that the land upon which the pine trees were growing, and the turpentine boxes cut, belonged to another. Such allegation serves to exclude the idea of accident or mistake, and includes the willful purpose to disregard the rights of others. This allegation is an essential feature of a

charge under this section, expressly required thereby, and cannot be safely omitted.

2. The title to pine trees growing upon land is real estate, and such title can be proven only by such evidence as is applicable to the proof of title to real estate, and yet there is nothing in the record to support a title to real property. In other words, there is in the record no evidence of any title in Rodgers to land upon which were growing the pine trees in which these turpentine boxes were cut. In a mere civil action for trespass to land, it would be necessary to show title or possession in the plaintiff, and yet here neither title nor possession was shown in Rodgers. Upon this point the evidence is too defective to support a conviction.

3. By the express declaration of § 1317, the defendant, upon conviction, could be fined no more than $20 for each tree boxed. The affidavit merely charges him with boxing trees, without more, which allegation is satisfied by two trees; and the defendant could be fined no more than $40, for he is convicted of boxing two trees only. Because, in criminal matters, we take it that a defendant is only convicted of what is properly alleged against him, and not of what might have been alleged against him. If the evidence before the jury had authorized it to find that the title to the land trespassed upon was in B. L. Rodgers, then we think the evidence tended to support the conclusion that as many as five trees were cut into turpentine boxes, so as to support a fine of $100; but the point we emphasize is that the affidavit does not allege that five trees were so boxed, so as to authorize a greater fine than the express number of trees alleged in the affidavit would support.

Other alleged errors are not discussed, because the new trial granted will obviate their repetition, if in fact they exist.

*Reversed and remanded.*